IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3251-D

MARCUS RANDALL BROWN, )
 )
              Plaintiff, )
 )
v. ) **ORDER**
 )
ROBERT C. OWENS and )
C. STEWART, )
 )
             Defendants. )

On September 27, 2016, Marcus Randall Brown ("Brown" or "plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs [D.E. 1]. On July 10, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 52], and recommended partially granting defendants' dispositive motions [D.E. 31, 46] and denying Brown's motion for a preliminary injunction [D.E. 45]. No party timely objected to the M&R. On August 6, 2018, Brown moved to amend his complaint [D.E. 53].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). The court has reviewed the M&R and the record. The court is satisfied that there is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R [D.E. 52].

The M&R recommends dismissing Brown's state law medical malpractice claims under Rule 9(j) of the North Carolina Rules of Civil Procedure. Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2). Brown concedes that his original complaint did not comply with Rule 9(j), and he now seeks to amend his complaint to include the required certification. See [D.E. 53].

Brown requires leave of court to amend his claims. See Fed. R. Civ. P. 15(a)(2). A plaintiff, however, may not be granted an extension of time to amend his initial complaint to include the necessary Rule 9(j) certification. See Thigpen v. Ngo, 355 N.C. 198, 204, 558 S.E.2d 162, 166 (2002). Rather, "[f]ailure to include the certification necessarily leads to dismissal." Id. at 202, 558 S.E.2d at 165. Even if a plaintiff were allowed to amend his complaint to include the necessary 9(j) certification, Brown does not assert that a medical expert reviewed his medical records before the date he originally filed this action. Thus, Brown cannot amend his complaint to include the required Rule 9(j) certification. See, e.g., Rudisill v. United States, No. 5:13-CV-110-F, 2014 WL 1117976, at *3 (E.D.N.C. Mar. 20, 2014) (unpublished); Savage v. United States, No. 5:10-CT-3169-FL, 2011 WL 3664798, at *2 (E.D.N.C. Aug. 18, 2011) (unpublished). Accordingly, the court denies Brown's motion to amend his complaint.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 52], GRANTS IN PART defendants' motion for summary judgment [D.E. 31] and motion to dismiss [D.E. 46], and DISMISSES Brown's state law medical malpractice claim WITHOUT PREJUDICE and official capacity claim WITH PREJUDICE. Brown may proceed with his deliberate indifference claim against

2

both defendants, including his request for punitive damages. Brown's motions for a preliminary injunction and to amend his complaint [D.E. 45, 53] are DENIED.

SO ORDERED. This 10 day of August 2018.

*[signature: Dever]*

JAMES C. DEVER III
Chief United States District Judge