IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3251-D

| | | |
|---|---|---|
| MARCUS RANDALL BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT C. OWENS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On September 27, 2016, Marcus Randall Brown ("Brown" or "petitioner") filed a pro se complaint alleging that defendants Robert Owens and Clarence Stewart, medical providers for the North Carolina Department of Public Safety ("DPS"), violated his rights when they failed to provide proper treatment for his hemophilia before he underwent surgery. See [D.E. 1]. Brown claims that Owens and Stewart's actions constituted medical malpractice and violated his Eighth Amendment right to be free from cruel and unusual punishment. See id at 2. On March 12, 2018, the court referred various motions to United States Magistrate Judge Numbers for a memorandum and recommendation ("M&R"). On July 10, 2018, Judge Numbers issued a M&R [D.E. 52].

On August 10, 2018, the court adopted the M&R and granted in part defendant Owens's motion for summary judgment [D.E. 31], granted in part defendant Stewart's motion to dismiss [D.E. 46], denied Brown's motion for preliminary injunction [D.E. 45], denied Brown's motion for leave to file and motion to appoint counsel [D.E. 53], dismissed without prejudice Brown's state law medical malpractice claim, and dismissed with prejudice Brown's official capacity claim. See [D.E. 55]. The court allowed Brown to proceed with his deliberate indifference claim against both defendants, including his request for punitive damages. See id. at 2–3.

On October 12, 2018, defendant Owens moved for summary judgment [D.E. 58] and filed a memorandum in support [D.E. 59], a statement of material facts and appendix [D.E. 60, 61], supporting exhibits [D.E. 63], and a motion to seal [D.E. 64]. On October 12, 2018, defendant Stewart moved for summary judgment [D.E. 65] and filed a memorandum in support [D.E. 66], supporting affidavits [D.E. 67, 68], a statement of material facts and appendix [D.E. 70, 71], and a motion to seal [D.E. 73]. On November 1, 2018, Brown moved to extend time to respond [D.E. 75]. On November 2, 2018, the court referred the motions to United States Magistrate Judge Numbers.

On April 12, 2019, Judge Numbers extended Brown's deadline to respond to defendants' summary judgment motions, directed defendants to file a status report, and denied Brown's request for counsel. See [D.E. 79]. On May 28, 2019, Brown moved for funds to hire an expert [D.E. 84].

On May 30, 2019, Judge Numbers issued a M&R [D.E. 85] and recommended that the court grant defendants' motions for summary judgment. See [D.E. 85] 1. On June 19, 2019, Brown objected to the M&R [D.E. 86].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and Brown's objections. As for those portions of the M&R to which Brown made no objection, the court is satisfied that there is no clear error on

2

the face of the record. As for the objections, the court has reviewed the objections and the M&R de novo. Brown's objections simply restate his arguments in opposition to respondents's motions for summary judgment. Compare [D.E. 86] 2–4 with [D.E. 82] 3, 5, 7, 9, 11. Thus, the court overrules the objections. To the extent that the Brown has raised other objections, the court has considered them and overrules them as meritless.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 85], GRANTS Owens's motion for summary judgment [D.E. 58], GRANTS Stewart's motion for summary judgment [D.E. 65], and DENIES as moot Brown's motion for funds to hire an expert [D.E. 84]. The clerk shall close the case.

SO ORDERED. This 9 day of September 2019.

JAMES C. DEVER III
United States District Judge